[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PREJUDGMENT REMEDY
The plaintiff, Mark Mendelson, is seeking an attachment pursuant to C.G.S. § 52-278B et seq.
The plaintiff was hired on August 1, 1995 as vice president of sales, under a five year employment contract, similar to an employment contract given to all key officers of Kushi.
Under his employment contract the plaintiff could be terminated for cause for "any material breach by the plaintiff of any provision of this Agreement. If Kushi terminates this agreement or plaintiff's employment for cause, plaintiff shall be paid his compensation due through the date of such termination without warning. On March 7, 1996 the plaintiff was notified by letter that he was terminated "for cause" and was fully compensated until that date". The letter did not explain what "for cause" consisted of.
Plaintiff claims, because he was terminated without "cause", pursuant to paragraph 16 of his employment contract he is "entitled to compensation due him as liquidated damages, being a lump sum payment equal to the aggregate amount of all payments due him during the term of this Agreement." The contract sum was CT Page 5719 estimated to be worth $409,925.
The defendant claims that the grounds for cause basically were that "(1) the plaintiff did not meet the sales projections, (2) the plaintiff had difficulties working with the office personnel and, (3) the plaintiff had a negative attitude and lack of commitment.
As to the failure to meet the sales projections, from the evidence offered during the hearings the court finds that the projections were totally unrealistic, especially in view of the late public offering, the lack of products and the introduction of a new product during the Christmas time shopping period. The failure to meet unrealistic sales projections cannot be considered "a material breach". While the evidence offered by Sharon Konspore and Ellen Weiser indicated that at times the office relationships became strained, the court finds their testimony to be of little weight and thus cannot be used to substantiate a finding of "a material breach" under the plaintiff's contract. As to the claim that the plaintiff lacked the necessary commitment to be the "vice president of sales", no standards or evidence of standards were introduced at the hearings or any other evidence of sufficient weight for the court to justify a finding of "a material breach" on those grounds.
No evidence was introduced by corporate records of complaints covering the plaintiff's performance except for handwritten sheets by Sharon Konspore and Ellen Weiser which the court found were not persuasive.
Since the plaintiff was never given any prior notice of conduct that might have been considered evidence of "a material breach" nor advised of any charges, nor ever given a hearing to answer or refute the defendant's claim "for cause", the court concludes by the standard of law as set forth in New England LandDevelopment Co. v. DeMarkey, 213 Conn. 612, 620 (1990) that the plaintiff has met his burden of proof and is entitled to a prejudgment attachment.
Although, under the facts found, the court finds that the plaintiff is entitled to a prejudgment attachment. The court further finds that the plaintiff has a duty to mitigate his damages. The court finds from the evidence that the plaintiff's earnings can be reasonably estimated at $65,000 per year. Therefore, the plaintiff's earnings over the remaining term of CT Page 5720 his contract can be reasonably found to be $290,000. A prejudgment attachment in the amount of $130,000 is granted.
At the request of the defendant, the plaintiff will be required to post a bond in an amount reasonably estimated to cover statutory costs of suit in case the defendant prevails at trial. The court finds that C.G.S. § 31-72 is inapplicable to the facts in this case.
RYAN, J.